FILED

2021 Aug-16  AM 11:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ROCCO J. LEO, as Trustee of the** | } | |
| **Bankruptcy Estate of Christy** | } | |
| **Grigsby and Anthony Grigsby, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  4:20-cv-01997-ACA** |
| | } | |
| **KOCH FOODS, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendants Koch Foods, LLC, Koch Farms of Gadsden, LLC, Koch Foods, Inc. (the "Koch Defendants"), JCG Farms of Georgia, LLC, and JCG Farms of Alabama, LLC's (together "Defendants"), motion to dismiss or for a more definite statement.  (Doc. 22).[1]  Plaintiffs Grigsby Farm, Anthony Grigsby, Christy Grigsby, and Rocco J. Leo, as trustee of the bankruptcy estate of Christy Grigsby and Anthony Grigsby (together "the Grigsbys"), allege that Defendants violated the Packers and Stockyards Act of 1921, breached their contracts with the Grigsbys, and committed various state-law torts.  (Doc. 18).

---

[1] Defendants initially mislabeled their motion, then filed the present motion—which is identical in substance to the first—with a corrected title.  (*See* Doc. 20).  Accordingly, the court **DIRECTS** the Clerk to term Doc. 20 as moot.

Defendants argue that the second-amended complaint is an impermissible shotgun pleading and ask that the court dismiss the claims against them with prejudice. (Doc. 22 at 2).

Although it is not a model of clarity, the second-amended complaint adequately gives Defendants notice of the claims against them and the facts supporting those claims. Accordingly, the court **DENIES** Defendants' motion. (Doc. 22).

## I.    BACKGROUND

The operative complaint is the Grigsbys' third. The Grigsbys filed their first complaint in December 2020. (Doc. 1). The court ordered them to file an amended complaint to correct an error in the parties named in the first complaint (doc. 4), they did so (doc. 6), and Defendants filed a motion to dismiss the amended complaint or for a more definite statement (doc. 13). In part, Defendants argued that the amended complaint was an impermissible shotgun pleading. (Doc. 14 at 2). The court agreed and ordered the Grigsbys to file a second amended complaint. (Doc. 15). The Grigsbys then filed the operative complaint. (Doc. 18).

Now, Defendants have again filed a motion to dismiss or for a more definite statement, for many of the same reasons as in their first motion. (Doc. 22). The motion is fully briefed and ripe for review.

2

## II.    DISCUSSION

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Further, the court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including the authority to dismiss cases that violate Rule 8(a)(2) or Rule 10(b).  *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (detailing the four common types of shotgun pleading and holding that they violate Rules 8(a)(2) and Rule 10(b)).

Defendants have two concerns with the second amended complaint: first, that the complaint adopts all its factual allegations into each of its counts (doc. 23 at 6); second, that the complaint brings several claims against all defendants without differentiating between which defendants are responsible for which claims (*id.* at 9).  Both of these concerns are unfounded.

In the Grigsbys' first amended complaint, "each count adopt[ed] the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); (*See* Doc. 5 at 32–34 ¶¶ 113, 140, 143, 147).  But the second-amended complaint corrects that error.  Like the complaint in *Weiland*, which the court held

3

was not a shotgun pleading, the second-amended complaint "looks, at first glance, like the most common type of shotgun pleading.  But it is not."  *Weiland*, 792 F.3d at 1324.

Here, the "allegations of each count are not rolled into every successive count down the line."  *Id.*  The second amended complaint avoids the problem identified in *Weiland* by only incorporating factual allegations, not preceding counts.  (*See, e.g.*, Doc. 18 at 32 ¶ 116).  Further, like in *Weiland*, "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count."  *Id.*  The lengthy fact section of the complaint is broken up into subsections, including one that outlines the Koch Defendants breaches (doc. 18 at 24) and one that details the Koch Defendants anti-competitive conduct (*id.* at 27).  In short, the second-amended complaint is not the first type of shotgun pleading.

Defendants' second argument for why the second amended complaint is a shotgun pleading also fails.  Defendants argue that the complaint here is a shotgun pleading because it "fails to differentiate between the actions of the various Defendants" even though "Plaintiffs know Grigsby Farm contracted with only one Defendant."  (Doc. 23 at 9).  The fourth type of shotgun pleading described in *Weiland* is the "relatively rare sin of asserting multiple claims against multiple

defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  792 F.3d at 1323.

Like Defendants' first argument, the second-amended complaint initially appears to fall into this category.  As Defendants point out, the second-amended complaint "continues to assert all claims against all six Defendants."  (Doc. 30 at 8).  But the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1323.  Here, the Grigsbys explicitly argue that they "assert their claims against all Defendants."  (Doc. 29 at 14).  They state that because of the "intertwined business relationship and intertwined facts in this case" they have a "good faith basis for alleging their claims against all Defendants." (*Id.*).

The second-amended complaint "can be fairly read to aver that all defendants are responsible for the alleged conduct."  *Kyle K. v. Champman*, 208 F.3d 940, 944 (11th Cir. 2000).  Defendants know which claims are brought against them and can discern without too much difficulty the factual basis for those claims.  Whether the complaint states a claim against each defendant for each claim is not the question before the court; the only question here is whether the

second-amended complaint complies with the federal rules.  The court finds that it does.  Accordingly, the court **DENIES** Defendants' motion.

**DONE** and **ORDERED** this August 16, 2021.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE