FILED

2023 Jun-12  PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **ROCCO J. LEO,** as Trustee of<br>**Bankruptcy Estate of Christy Grigsby**<br>**and Anthony Grigsby and Grigsby Farm,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KOCH FARMS OF GADSDEN,**<br>**LLC, et al.,**<br><br>**Defendants.** | **Case No.: 4:20-cv-01997-ACA** |

## <u>MEMORANDUM OPINION</u>

Defendants Koch Farms of Gadsden, LLC and Koch Foods, Inc. (collectively "Koch") have moved for summary judgment on Plaintiff Rocco J. Leo's Packers and Stockyards Act ("PSA") claim. (Doc. 99). Koch contends that a class action settlement agreement in *In re: Broiler Chicken Grower Antitrust Litigation*, Case No. 6:20-md-02977-RJS-CMR (E.D. Okla.) ("*Broiler Grower Litigation*"), precludes the claim. Mr. Leo has filed a Rule 60(b) motion to set aside the judgment entered against him in *Broiler Grower Litigation* and requests that the court here decline to address Koch's motion for summary judgment while Mr. Leo's 60(b) motion is pending.

For the following reasons, the court will deny Koch's partial motion for summary judgment without prejudice with leave to refile pending a ruling on Mr. Leo's 60(b) motion by the Eastern District of Oklahoma.

## I.  BACKGROUND

A party is entitled to summary judgment if they can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When undergoing this analysis, the court "view[s] the evidence and draw[s] all reasonable inferences from it in the light most favorable to the non-moving party." *Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1237 (11th Cir. 2021).

Koch "is one of the largest poultry dealers in the United States." (Doc. 61 at 3 ¶ 11, 4 ¶ 13). It provides chickens to independent contractor farmers, who "grow" the chickens until they are ready for Koch to slaughter and sell them. (*Id.* at 4 ¶ 14, 5 ¶ 19). Grigsby Farm, owned and operated by Anthony Grigsby and Christy Grigsby, was a farmer for Koch. (*Id.* at 3 ¶ 9, 5 ¶ 19). Grigsby Farm grew chickens for Koch from 2008 until January 2019, when Koch allegedly stopped providing chickens to Grigsby Farm. (*Id.* at 11 ¶ 33). The Grigsbys and Grigsby Farm filed for bankruptcy because their relationship with Koch broke. (Doc. 94-1 at 2). Mr. Leo, as Trustee of the bankruptcy estate of Christy Grigsby, Anthony Grigsby, and Grigsby Farms, is the real party in interest in this lawsuit. (*Id.*).

2

Mr. Leo brought this suit alleging Koch's actions violated the PSA, as well as other state law causes of action. (Doc. 61 at 46–51). Mr. Leo's PSA claim asserts that Koch positioned growers against each other through a competitive compensation structure in which Koch determined the top producing growers to receive additional payment by partially arbitrary standards. (*Id.* at 5–6 ¶ 20, 15–16 ¶¶ 48–50; 46–47 ¶¶ 149–155).

Following the filing of multiple analogous class action complaints against Koch and other poultry processing defendants nationwide, the Judicial Panel on Multidistrict Litigation consolidated the complaints and transferred the action to the United States District Court for the Eastern District of Oklahoma. *Broiler Grower Litigation* (doc. 1). The consolidated class action complaint alleged the poultry processing defendants created an anticompetitive market scheme to suppress the compensation of the contract broiler growers. *Broiler Grower Litigation* (doc. 59 at 33 ¶¶ 36–37). The class members sought damages in violation of the PSA and the Sherman Antitrust Act. (*Id.* at 40 ¶ 170, 41 ¶¶ 173–175).

In June 2022, the Eastern District of Oklahoma issued: (1) an order preliminarily approving a settlement with Koch and certifying the settlement class; and (2) an order approving the notice plan and authorizing the issuance of notice to the Koch settlement class. *Broiler Grower Litigation* (docs. 366, 367). The notice authorization gave class members until September 2022 to opt-out of the class.

*Broiler Grower Litigation* (doc. 366 at 3). The approved settlement agreement

contained the following release:

> The release shall be nationwide in scope and release all claims
> (including but not limited to any Sherman Act, Clayton Act, Packers
> and Stockyards Act, and/or federal, state, or common law unfair
> competition or anticompetitive conduct claims) any member of the
> Settlement Class ever had, now has, or hereinafter, can, shall, or may
> ever have, on account of, or any way arising out of, any and all known
> and unknown, foreseen and unforeseen, suspected and unsuspected,
> actual or contingent, liquidated or unliquidated claims, causes of action,
> injuries, losses (including, without limitation, all costs, expenses, and
> attorney's fees) or damages arising from or in connection with any act
> or omission through the date of Preliminary Approval relating to or
> referred to in the Action or arising from the factual predicate of the
> Action, including but not limited to Defendants' and Co-Conspirators'
> alleged overarching scheme, combination, understanding, and/or
> conspiracy to fix, maintain, stabilize, and/or suppress the compensation
> paid to Broiler Growers for their provision of Broiler Grow-Out
> Services (the "Released Claims").

(Doc. 99-2 at 18). The court ordered the approval of final settlement with Koch and

entered final judgment in October 2022. *Broiler Grower Litigation* (doc. 420). The

order of final judgment included a list of the growers excluded from the settlement.

(*Id.* at 6). Neither Mr. and Ms. Grigsby nor Mr. Leo are listed. (*Id.*).

In the Fall of 2021, Mr. and Ms. Grigsby received a mailed settlement notice

at their home that advised them of a settlement in *Broiler Grower Litigation* and

their right to opt-out of it. (Doc. 94-1 at 2–3). Mr. and Ms. Grigsby mailed the opt-

out form back via certified mail. (*Id.* at 3). In November 2022, Mr. and Ms. Grigsby

"received a mailed Notice of Class Settlement of Broiler Grower claims against

Koch Foods"—two months after the opt-out period closed. (*Id.*). Mr. Leo did not receive notice about a settlement agreement in *Broiler Grower Litigation.* (Doc. 94-2 at 2). Mr. Leo recently filed a motion to set aside judgment under Federal Rule of Civil Procedure 60(b) in the *Broiler Grower Litigation* due to Koch's failure to provide him with notice of the proceedings and settlement agreement in the case. *Broiler Grower Litigation* (doc. 442).

## II.    DISCUSSION

Koch argues that summary judgment should be granted because neither the Grigsbys nor Mr. Leo opted out of the Koch settlement class and thus Mr. Leo's PSA claim is barred by *res judicata*. (Doc. 100 at 14–16). Koch also contends it did not have the duty to provide notice of the class settlement to Mr. Leo because proper notice was the duty of the *Broiler Grower Litigation* Plaintiff's class counsel. (*Id.* at 17); *see Broiler Grower Litigation* (doc. 366 at 2) ("The Court appoints Angeion Group LLC as the Settlement Administrator to assist Class Counsel in effectuating and administering the Notice Program and the exclusion process for Class members that wish to be excluded from the Settlement Class, and in effectuating and administering the plan of allocation.").

Mr. Leo asserts a material question of fact exists as to whether the failure to provide notice violated his due process rights under Federal Rule of Civil Procedure 23(b)(3). (Doc. 106 at 11–19). He argues that Koch had personal knowledge of his

status as the party in interest to a claim against Koch because of this lawsuit, where

Koch is represented by the same counsel as in *Broiler Grower Litigation*. (*Id.* at 15–

17). As such, Mr. Leo maintains that Koch's failure to provide him with notice of

*Broiler Grower Litigation* was not "the best notice practicable under the

circumstances" because he could have been "easily be identified through reasonable

effort." (*Id.* at 16).

The purpose of MDLs is to consolidate proceedings for the convenience of

parties and to "promote the just and efficient conduct of such actions."

28 U.S.C. § 1407(a). The outcome of the instant motion relies on whether Mr. Leo

is a class member in the *Broiler Grower Litigation*, and if so, whether he received

proper notice of the Koch Settlement Agreement and Notice Plan.

Both Mr. Leo and Koch acknowledge that the Eastern District of Oklahoma

is in the best position to address whether the settlement notice complied with Rule

23. (Doc 100 at 17; doc. 106 at 10–11). Mr. Leo requests that the court "stay any

ruling on Defendants' Motion for Partial Summary Judgment until the determination

is made by the Oklahoma court on his [Rule 60(b)] Motion." (Doc. 106 at 10). In

reply, Koch asked the court "decline to address the merits of the Trustee's attack on

the adequacy of the *Broiler Grower Litigation* Notice Plan" and "respectfully

requests that this Court either dismiss the Trustee's PSA claim and decide whether

to continue exercising supplemental jurisdiction over his remaining state law claims or stay Koch's Motion pending the Oklahoma court's ruling." (Doc. 109 at 5).

Two rulings on the sufficiency of the notice of settlement in *Broiler Growers Litigation* would not promote an efficient resolution of the parties' dispute. And as the approving court of the settlement agreement and notice plan, the Eastern District of Oklahoma is the appropriate court to determine whether Mr. Leo received proper notice. Accordingly, until the Eastern District of Oklahoma rules on Mr. Leo's Rule 60(b) motion, this court will not determine whether *res judicata* bars Mr. Leo's PSA claim.

## III.   CONCLUSION

In respect of judicial efficiency and consistency, the court denies Koch's partial motion for summary judgment without prejudice with leave to refile pending a ruling on Mr. Leo's 60(b) motion in *Broiler Grower Litigation*. A separate order will be entered contemporaneously.

**DONE** and **ORDERED** this June 12, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE